Peggy DAVIDSON, Plaintiff,

v.

MAC EQUIPMENT, INC., Gary McDaniel, John Rebant, Mike Bosworth, and Todd Smith, Defendants.

Civ. A. No. 93–2500–EEO.

United States District Court,
D. Kansas.

Feb. 23, 1995.

Christel E. Marquardt, Andrew C. Marquardt, Marquardt & Associates, L.L.C., Fairway, KS, for plaintiff.

Mark L. Bennett, Jr., Ann L. Hoover, Bennett & Dillon, Frank M. Rice, Schroer & Rice, P.A., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Senior District Judge.

This matter is before the court on the following motions: Defendants' Motion to Dismiss (Doc. # 55), and Defendants' Motion for Partial Summary Judgment (Doc. # 54). For the reasons discussed below, the court finds that Defendants' Motion to Dismiss (Doc. # 55) should be granted in part and denied in part, and Defendants' Motion for Partial Summary Judgment (Doc. # 54) should be granted.

This is an employment discrimination action brought by plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff also alleges violations of the Kansas Act Against Discrimination ("KAAD"), K.S.A. 44–1001 *et seq.* Plaintiff claims that she was subjected to sexual discrimination during her employment with defendant, as well as retaliation for complaining about the discriminatory treatment that she received.

I. *Defendants' Motion to Dismiss (Doc. # 55).*

A. Motion to Dismiss the Claims Brought Against the Individual Defendants.

■ Defendants Gary McDaniel, John Rebant, Mike Bosworth, and Todd Smith maintain that they are not individually liable to plaintiff as a matter of law, and that therefore plaintiff's claims against them in their individual capacities should be dismissed. Defendant McDaniel is president and chairman of the board of MAC Equipment, Inc. ("MAC Equipment"). Defendants Rebant, Bosworth and Smith supervised plaintiff at various times during her employment at MAC Equipment.

The court finds that the individuals named as defendants should be dismissed from the

suit. The Tenth Circuit has squarely held that individual capacity suits are inappropriate under Title VII. *See Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993). This district has reached the same result with respect to actions alleging discrimination under Title VII and the KAAD. *See Johnson v. Van Tuyl,* No. 92–2103–KHV, 1994 WL 373884 (D.Kan. June 9, 1994). In *Johnson,* the plaintiff sought to proceed against an individual as the alter ego of the corporate defendants. The court dismissed the individual defendant from the suit, noting that individual capacity suits were barred by law, citing *Sauers.* The court went on to observe that it would have so held even absent the Tenth Circuit's controlling precedent. The court stated that it agreed with the decisions of other jurisdictions holding that Congress's intent in Title VII cases was not to impose individual liability on employees, *citing Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583, 587 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994), and *Smith v. Capitol City Club,* 850 F.Supp. 976 (M.D.Ala.1994). Additionally, the court agreed with those decisions which held that the prospect of employer liability will effectively deter individual conduct, *citing Johnson v. No. Ind. Pub. Serv. Co.,* 844 F.Supp. 466, 469 (N.D.Ind.1994). We also are in accord with the reasoning of those decisions. Thus, because a Title VII claim or a claim arising under the KAAD [1] may not be brought against a supervisory employee in his individual capacity, plaintiff's claims against Gary McDaniel, John Rebant, Mike Bosworth and Todd Smith shall be dismissed.

B. Motion to Strike Plaintiff's Demand for a Jury Trial, and to Dismiss Plaintiff's Claims for Punitive and Compensatory Damages for All Alleged Wrongful Acts Occurring On or Before November 21, 1991.

■ Defendant MAC Equipment urges the court to strike plaintiff's demand for a jury trial, and to dismiss her claims for compensatory and punitive damages arising from any alleged wrongdoing by defendant occurring on or before November 21, 1991, the date of enactment of the Civil Rights Act of 1991 ("the Act"). Section 102 of the Act allows a plaintiff alleging intentional discrimination to recover compensatory and punitive damages in addition to the equitable relief authorized by the Civil Rights Act of 1964. Defendant relies upon *Landgraf v. USI Film Products,* —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), wherein the Supreme Court specifically declined to give retroactive application to section 102 of the Act. The court, noting that it was unable to find any evidence of clear congressional intent, concluded that "[t]he new damages remedy in § 102 ... is the kind of provision that does not apply to events antedating its enactment in the absence of clear congressional intent." Indeed, plaintiff concedes in her response to defendant's motion that, under *Landgraf,* neither compensatory nor punitive damages are recoverable for any conduct of defendant occurring on or before November 21, 1991.

Because plaintiff is not entitled to compensatory or punitive damages for defendant's conduct on or before November 21, 1991, it follows that plaintiff is not entitled to have a jury determine liability or damages for that conduct. In addressing this issue, the *Landgraf* court stated:

> The jury trial right set out in § 102(c)(1) is plainly a procedural change of the sort that would ordinarily govern in trials conducted after its effective date. If § 102 did no more than introduce a right to jury trial in Title VII cases, the provision would presumably apply to cases tried after November 21, 1991, regardless of when the underlying conduct occurred. However, because § 102 makes a jury trial available only "[i]f a complaining party seeks compensatory

---

**1.** Plaintiff has asserted identical claims of discrimination under both Title VII and the KAAD. Kansas state courts interpreting the anti-discrimination provisions of the KAAD have applied the same analyses as those used in Title VII cases in federal court and look to federal court opinions as persuasive authority regarding claims arising under the KAAD. *Woods v. Midwest Conveyor Co., Inc.,* 231 Kan. 763, 767, 648 P.2d 234, 239 (1982). For purposes of this motion, the court's analysis of plaintiff's discrimination claims under Title VII will apply equally to those claims brought pursuant to the KAAD.

or punitive damages," *the jury trial option must stand or fall with the attached damages provisions.*

*Id.* at ——, 114 S.Ct. at 1505 (emphasis added). Plaintiff acknowledges that this language precludes a jury trial on issues of liability and damages for any conduct of defendant occurring on or before November 21, 1991.

■ Plaintiff, however, is entitled to have a jury determine whether and to what extent compensatory and punitive damages should be awarded for any conduct of defendant occurring after November 21, 1991. Plaintiff concedes that under *Landgraf,* a jury would not be allowed to consider evidence of defendant's conduct occurring on or before November 21, 1991, in awarding any damages. The critical inquiry, then, is whether the jury may consider evidence of defendant's conduct which occurred before November 21, 1991, as well as conduct which occurred after that date, in assessing liability.

Plaintiff argues that *Landgraf* does not limit a jury's ability to consider defendant's conduct both before and after November 21, 1991, in deciding liability. Plaintiff contends that her claim alleges a pattern and practice of discriminatory treatment that is based upon defendant's conduct, including conduct which occurred before November 21, 1991. Precluding a jury from considering the totality of defendant's conduct, plaintiff asserts, would strip her of her ability to prove defendant's alleged pattern and continued practice of discrimination. The court is persuaded that a jury is entitled to consider evidence of defendant's conduct which occurred on or before November 21, 1991, as well as conduct after that date. With only a limited exposure to the facts, the jury would be unable to properly evaluate the breadth and longevity of defendant's conduct, and to properly assess whether a pattern of discrimination exists. Any potential prejudice to defendant can be addressed by a proper limiting instruction at trial. *See* Fed.R.Evid. 404(b).

## II. *Defendant's Motion for Partial Summary Judgment (Doc. # 54).*

Defendant MAC Equipment requests that the court dismiss plaintiff's claims for retalia-tory discrimination and retaliatory discharge brought pursuant to the KAAD. On or about April 13, 1993, plaintiff filed a complaint with the Kansas Human Rights Commission ("KHRC"), Case No. 15631–93, alleging retaliatory discrimination and retaliatory discharge. The KHRC complaint was still pending and remained unresolved at the time plaintiff filed this lawsuit on December 6, 1993.

■ Before a plaintiff may litigate any KAAD claims in court, plaintiff must first receive an unfavorable determination from the KHRC, file for reconsideration of that unfavorable determination and then receive a denial of the reconsideration application. *See Simmons v. Vliets Farmers Coop. Ass'n.,* 19 Kan.App.2d 1, 861 P.2d 1345, *review denied,* 845 P.2d 1223 (1993). It appears that plaintiff did not file an application for reconsideration with the KHRC before filing suit in this court. Judicial review of the KHRC decisions is controlled by K.S.A. 44–1010. K.S.A. 44–1010 states if any party is dissatisfied with a KHRC order or decision, that party may petition for reconsideration by following K.S.A. 77–529. However, "[n]o cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall petition for reconsideration as herein provided." K.S.A. 44–1010.

■ In sum, plaintiff was required to petition the KHRC for reconsideration of its decision in order to exhaust her administrative remedies. Because she has not done so, we must dismiss her claims pursuant to the KAAD alleging retaliatory discharge and retaliatory discrimination.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss the Individual Defendants Gary McDaniel, John Rebant, Mike Bosworth, and Todd Smith (Doc. # 55) is granted.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. # 55) is granted in part and denied in part. The court finds that plaintiff is neither entitled to a jury trial nor to an award of compensatory or punitive damages for any actions of defendant which occurred on or before November

21, 1991. However, plaintiff is entitled to a jury trial on the issues of compensatory and punitive damages to be awarded for any conduct of defendant occurring after November 21, 1991. In determining liability, the jury will be allowed to consider, under proper limiting instructions, defendant's conduct both before and after November 21, 1991. In assessing damages, the jury will not be allowed to consider evidence of any conduct occurring on or before November 21, 1991.

IT IS FURTHER ORDERED that Defendant MAC Equipment's Motion for Partial Summary Judgment (Doc. # 54) is granted.