**Shane DUFFEE, minor, By and Through guardian and next friend, Rose THORNTON, Plaintiff,**

v.

**MURRAY OHIO MANUFACTURING CO.; Walmart Stores, Inc.; and Shimano American Inc., Defendants.**

No. 94–4022–SAC.

United States District Court, D. Kansas.

Oct. 25, 1994.

Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Murray Ohio Mfg. Co., Walmart Stores Inc.

David E. Larson, Melody L. Nashan, Watson & Marshall, L.C., Kansas City, MO, for Shimano American Inc.

Lori L. Yockers, Barnett, Yockers & Renner, P.A., Wakarusa, KS, for Daniel Beser.

## MEMORANDUM AND ORDER

CROW, District Judge.

The defendants Murray Ohio Manufacturing Co. ("Murray") and Walmart Stores, Inc. ("Walmart") filed a motion to dismiss the plaintiff's claim for breach of implied warranty of fitness for particular purpose. (Dk. 41). The plaintiff, Shane Duffee, alleges he was riding his bicycle on February 22, 1992, when his brakes failed causing him to collide with a car driven by the defendant Daniel Beser. Shane suffered serious injuries including a head injury and brain damage. The bicycle had been purchased at Walmart and manu-

factured by Murray. The brake on the bicycle had been manufactured by the defendant Shimano American Inc.

The defendants Murray and Walmart contend the plaintiff's complaint fails to allege the essential elements to a claim under K.S.A. 84–2–315, implied warranty of fitness for a particular purpose. Specifically, the complaint does not specify that the bicycle was purchased for any purpose other than an ordinary one, that the seller had reason to know of the unique purpose, that the seller knew the buyer was relying on the seller's skill or judgment in selecting or furnishing the bicycle, and that the buyer actually relied on the seller's skill or judgment. *See Smith v. Stewart,* 233 Kan. 904, 907–08, 667 P.2d 358 (1983). Instead of responding to these specific pleading deficiencies,[1] the plaintiff groups his implied warranty claim for a particular purpose with his implied warranty claim of merchantability and says a claim for relief has been properly alleged.

After the parties briefed this motion, the plaintiff filed a second amended complaint in which he adds certain allegations to his claim of implied warranty of fitness for a particular purpose, including:

14. That Shimano American, Inc., Murray Ohio Manufacturing Co. and Walmart Stores, Inc., at the time of contracting for sale, had reason to know of any particular purpose for which the bicycle was required; that the buyer is relying on the seller's skill or judgment to select or furnish suitable bicycles, and that there is an implied warranty that the bicycle shall be fit for the purpose. Shimano American, Inc., Murray Ohio Manufacturing Co. and Walmart Stores, Inc. breached this warranty and are liable to Plaintiff who was reasonably be (sic) expected to use, consume, or be affected by the bicycle and who is injured as a result.

(Dk. 67 at 6). This additional paragraph supplies some of the elements missing from the plaintiff's original complaint and amended complaint. This pleading is still deficient for not identifying a "particular purpose." The only allegation of purpose is the same one found in his amended complaint at paragraph eleven in count two: "That there was an implied warranty for the fitness for the purpose for which it was used to wit: That the bike would be used by children for braking." (Dk. 2 at 6; Dk. 67 at 6).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir.1989).

---

1. In support of his response, the plaintiff submitted a sworn statement from his natural father, Christopher Duffee. This statement fails to address the ordinary purpose for which Chris Duffee purchased the bicycle. The court sees no reason for converting the pending motion into one for summary judgment.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 85, 78 S.Ct. at 175. If the complaint is "too general," then it will not provide fair notice to the defendant. *Boston & Maine Corp. v. Town of Hampton,* 987 F.2d 855, 865 (1st Cir.1993). A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1216 at 154–59 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). In short, Rule 8(a) relieves a plaintiff from pleading technicalities and from alleging detailed facts that establish her right to judgment. *Trevino v. Union Pacific R. Co.,* 916 F.2d 1230, 1234 (7th Cir.1990). But, it still requires minimal factual allegations on those material elements that must be proved to recover. *See Hall v. Bellmon,* 935 F.2d at 1110. "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." *Gooley v. Mobil Oil Corp.,* 851 F.2d at 515 (quoting *Sutliff, Inc. v. Donovan Companies,* 727 F.2d 648, 654 (7th Cir.1984)).

"The warranty of fitness for a *particular purpose* is narrower, more specific, and more precise" than an implied warranty of merchantability. *Smith v. Stewart,* 233 Kan. at 904, Syl. ¶ 3, 667 P.2d 358. The Official UCC Comment 2 to K.S.A. 84–2–315 highlights the cause of these distinctions:

> 2. A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question.

The plaintiff has plainly failed to allege this material element here. A child riding and braking his bicycle are not unusual, but customary uses of a children's bicycle. The plaintiff has not alleged any other use that was specific or peculiar to him and that was communicated, expressly or inferentially, to the seller.

The plaintiff's complaint apparently confuses the warranty of merchantability (fitness for the ordinary purposes), K.S.A. 84–2–314, with the warranty of fitness for the particular purpose, K.S.A. 84–2–315 and, thus, fails to allege the material elements to the latter warranty claim. Uncertain of whether the plaintiff can cure the pleading deficiencies, the court will give the plaintiff leave to file an amended complaint as to count two concerning his claim for breach of the implied warranty of fitness for a particular purpose.

IT IS THEREFORE ORDERED that the defendant Murray's and Walmart's motion to dismiss (Dk. 41) is granted;

IT IS FURTHER ORDERED that the plaintiff is allowed fifteen days to file an amended complaint concerning a claim for breach of the implied warranty of fitness for a particular purpose.