**Sylvia Patricia LAND, Plaintiff,**

v.

**MIDWEST OFFICE TECHNOLOGY, INC., d/b/a Metro–Plex Information Services, David Egly, and Kenneth Illig, Defendants.**

**No. 96–4115–SAC.**

United States District Court, D. Kansas.

Aug. 27, 1997.

Cheryl D. Myers, Michael B. Myers, Myers & Myers, Topeka, KS, for Plaintiff.

Julia Riggle McKee, C. Brooks Wood, Cheryl Bloethe Linder, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This employment discrimination case comes before the court on the individual defendants' motion to dismiss (Dk.3), the plaintiff's motion for leave to amend response to the defendant's motion to dismiss (Dk.87), the plaintiff's motion to extend time to amend her response (Dk.89), the plaintiff's amended motion for leave to amend response to the defendant's motion to dismiss (Dk.90), and the plaintiff's third motion for leave to amend and extension of time to amend the plaintiff's response to this motion to dismiss (Dk.94).

The plaintiff Sylvia Land alleges the following counts in her complaint: Count V—sexual harassment and retaliation in violation of the Kansas Act Against Discrimination

("KAAD") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); Count VI—employment discrimination on the basis of sex in violation of KAAD and Title VII; Count VII—retaliation for filing discrimination complaints in violation of Title VII; Count VIII—state common-law tort of outrage; Count IX—state common-law breach of employment contract; Count X—state common-law tort of retaliation for filing workers' compensation claim; and Count XI—unlawful employment practices in violation of the Americans with Disabilities Act ("ADA").

The individual defendants, David Egly and Kenneth Illig, argue the plaintiff's complaint fails to state a claim against them, as they are not liable in either their individual or representative capacity under the pleaded causes of action. The plaintiff responds that Egly and Illig, as owner and president of the corporate defendant, "appear to be 'employers'" for purposes of the discrimination laws. The plaintiff argues Egly's and Illig's liability depends "upon further discovery of the actual business structure of Metro–Plex Information Systems and the individual liability, if any, imputed to Illig and Egly by the by-laws and/or other corporate documents." (Dk.17).

**MOTIONS FOR LEAVE TO AMEND RESPONSE (Dks. 87, 89, 90, and 94).**

On July 6, 1997, the plaintiff filed her first motion to leave, arguing in part, "Evidence, including but not limited to, lack of corporate formality and Kenneth Illig's affirmation of his personal contract with both plaintiffs,[1] have been discovered during discovery." (Dk.87). She asked for leave to file her amended response by August 2, 1997. The court did not rule on this motion.

On August 1, 1997, the plaintiff asked for an extension of time to file her amended response and other matters on August 4, 1997. (Dk.89). The plaintiff filed on August 4, 1997, an amended motion for extension to file her responses asking for an extension to August 14, 1997. (Dk.90) Finally, the plaintiff filed on August 14, 1997, her third motion for leave requesting an extension to file her amended response thirty days after the me-

diation scheduled for September 23, 1997. (Dk.94).

The court denies the above motions for leave and extension of time. The defendants' motion to dismiss is to be judged from the face of the plaintiff's complaint. If the plaintiffs were to amend their response based upon the supplemental matters learned during discovery, the court could not consider such matters without converting the motion to one for summary judgment. In the current procedural setting, the court is more concerned with what the plaintiff has presently alleged than with what evidence the plaintiff may have. The denial of these motions does not disadvantage the plaintiff, for she can still seek leave to amend her complaint adding those allegations or claims for which she now has evidence.

**STANDARDS FOR MOTION TO DISMISS**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993); *see Hospice of Metro Denver v. Group Health Ins.,* 944 F.2d 752, 753 (10th Cir.1991) ("Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted); *Thatcher Enterprises v. Cache County Corp.,* 902 F.2d 1472 (10th Cir.1990) ("Under Rule 12(b)(6), dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief.").

A court judges the sufficiency of the complaint accepting as true the well-pleaded fac-

---

**1.** The magistrate judge consolidated this case with *White v. Midwest Office,* No. 96–4116–DES,

979 F.Supp. 1354 (D.Kan.1997), for purposes of discovery.

tual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). It is not the court's function "to weigh potential evidence that the parties might present at trial." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted) "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988) (quoting *Sutliff, Inc. v. Donovan Companies,* 727 F.2d 648, 654 (7th Cir. 1984)). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir. 1989).

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. If the complaint is "too general," then it will not provide fair notice to the defendant. *Boston & Maine Corp. v. Town of Hampton,* 987 F.2d 855, 865 (1st Cir.1993). Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321 (10th Cir.1977); *see Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). A plaintiff is not required to state precisely each element of the claim. 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1216 at

154–59 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). In short, Rule 8(a) relieves a plaintiff from pleading technicalities and from alleging detailed facts that establish her right to judgment. *Trevino v. Union Pacific R. Co.,* 916 F.2d 1230, 1234 (7th Cir.1990). But, it still requires minimal factual allegations on those material elements that must be proved to recover. *See Hall v. Bellmon,* 935 F.2d at 1110.

## LAW GOVERNING INDIVIDUAL CAPACITY ACTIONS

The established rule in this circuit and in a majority of other circuits is that personal capacity suits against individual supervisors or managers are inappropriate under Title VII. *Haynes v. Williams,* 88 F.3d 898, 901 (10th Cir.1996); *see Wathen v. General Elec. Co.,* 115 F.3d 400, 404–06 (6th Cir.1997). " '[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.' " *Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993) (quoting *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991)). The plaintiff concedes this is the law controlling here.

Because Title VII cases are useful in interpreting the KAAD, *Best v. State Farm Mut. Auto. Ins. Co.* 953 F.2d 1477, 1480 (10th Cir.1991), and are persuasive authority in applying the KAAD, *Woods v. Midwest Conveyor Co.,* 231 Kan. 763, 767, 648 P.2d 234 (1982), the federal district courts in Kansas have held that actions brought under the KAAD are subject to the same Title VII rule governing individual capacity actions against supervisors. *See McCue v. State of Kansas, Dept. of Human Resources,* 938 F.Supp. 718, 725–26 (D.Kan.1996); *Miller v. Brungardt,* 916 F.Supp. 1096, 1098–99 (D.Kan.1996); *Davidson v. MAC Equipment, Inc.,* 878 F.Supp. 186, 188 (D.Kan.1995); *Gallardo v. Board of County, Comm'rs.,* 1995 WL 106366, *1–*2 (D.Kan. Jan.11, 1995) (No. 94–

4064–SAC). The plaintiff does not challenge these holdings.

▮ As for individual liability under the ADA, at least three circuits have followed the Title VII approach in holding "that individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA." *U.S. E.E.O.C. v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1280–82 (7th Cir.1995); *see Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir.1996); *Smith v. The Blick Clinic, Inc.,* 117 F.3d 1421, 1997 WL 377033, *4 n. 3 (6th Cir.1997) (Table). Most district courts likewise have extended their respective circuit's Title VII holding on individual capacity actions to ADA cases. *See, e.g., Cooke–Seals v. District of Columbia,* 973 F.Supp. 184, 186–88 (D.D.C.1997); *Moreno v. John Crane, Inc.,* 963 F.Supp. 72, 76–77 (D.P.R.1997); *Lee v. Trustees of Dartmouth College,* 958 F.Supp. 37, 45 (D.N.H. 1997); *Lane v. Maryhaven Center of Hope,* 944 F.Supp. 158, 161–62 (E.D.N.Y.1996); *Davoll v. Webb,* 943 F.Supp. 1289, 1295 (D.Colo. 1996); *Morrow v. City of Jacksonville, Ark.,* 941 F.Supp. 816, 820 (E.D.Ark.1996); *Burke v. Com. of Virginia,* 938 F.Supp. 320, 324 (E.D.Va.1996), *aff'd,* 114 F.3d 1175 (4th Cir. 1997) (Table). While the Tenth Circuit has not ruled on this issue, one federal district court in Kansas has followed this majority approach. *Adra v. Hammerschmidt,* 1995 WL 144760, at *5 (D.Kan. Mar.22, 1995) (No. 94–1246–PFK). The plaintiff presents no serious arguments against extending the Tenth Circuit's Title VII ruling to ADA cases. Based on the weight of authority and the plaintiff's lack of serious arguments, the court holds that individuals who do not otherwise meet the definition of "employer" cannot be liable under the ADA.

## OFFICIAL OR REPRESENTATIVE CAPACITY ACTIONS

▮ When the action is brought against not only the employer and but also against one or more employees in their official or representative capacity, the claims against the employees merge with the claim against the employer. *Gary v. Long,* 59 F.3d 1391 (D.C.Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995); *see Sauers,* 1 F.3d at 1125; *Busby,* 931 F.2d at 772. The dismissal of the official or repre-

sentative capacity suits promotes "judicial economy and efficiency" and "prevents the possibility of juror confusion." *Gallardo,* 1995 WL 106366, at *2; *see Cooke–Seals v. District of Columbia,* 973 F.Supp. at 187–88.

## DISCUSSION

To avoid dismissal, the plaintiff argues that Egly and Illig may still be individually liable if they are "employers" by reason of their relationship to and role in the actual business structure of Midwest Office. Other than saying she needs to take additional discovery, the plaintiff does not reveal any potential factual or legal basis for treating Egly and Illig as "employers" under Title VII, KAAD, and ADA. From what little the plaintiff does argue, the court infers she wants to pierce the corporate veil and hold Egly and Illig liable as the alter egos of Midwest Office.

▮ The Tenth Circuit in *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1362 (10th Cir.1993), recognized that there may be instances when corporate form can be disregarded in deciding who may be liable as an "employer" under Title VII. The Tenth Circuit identified four tests that have been applied in deciding whether a parent corporation is liable for a subsidiary corporation's acts of discrimination. Of these tests, one is the "alter ego test which is founded in equity and permits the court to pierce the corporate veil 'when the court must prevent fraud, illegality or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability from a crime.'" 3 F.3d at 1362 n. 2 (quoting *Zubik v. Zubik,* 384 F.2d 267, 272 (3rd Cir.1967), *cert. denied,* 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968)).

▮ Judge Marten recently considered this test in a Title VII case brought against an individual defendant:

The exact test will depend upon the particular facts of the case. *Id.* [*Frank,* 3 F.3d at 1362–64]. However, the federal common law doctrine of piercing the corporate veil under an alter ego theory can best be described by the following two-part test: (1) was there such a unity of interest and lack of respect given to the separate

identity of the corporation by its shareholders that the personalities and assets of the corporation and the individual are indistinct, and (2) would adherence to the corporate fiction sanction a fraud, promote injustice, or lead to an evasion of legal obligations. *N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1052 (10th Cir. 1993)....

. . . .

Roberts has alleged facts which would establish that (1) Wilson is the alter ego of ACP, and (2) she would be unable to recover any judgment from ACP if Wilson is dismissed as a defendant. She is entitled to conduct discovery before the court grants the defendants summary judgment on this issue....

Roberts will be permitted to amend her complaint to properly assert claims that Wilson is liable for any discrimination under theories that the corporate form should be disregarded. (citation omitted). *Roberts v. Air Capitol Plating, Inc.*, 1997 WL 446266, at *8–*9 (D.Kan. July 22, 1997) (No. 95–1348–JTM); *cf. Jonker v. Melvin Simon and Associates, Inc.*, 1989 WL 31402, at *5–*6 (D.Kan. Mar.1, 1989) (No. 86–1654). In short, "[t]o plead a claim of individual liability under the alter ego doctrine, two essential elements must be plead: (1) that the person exercises such dominion and control with respect to the transaction attacked that the corporation had no separate will of its own; and (2) that the domination and control was used to commit a fraud or wrong against the plaintiff which proximately caused the plaintiff's injuries." *Lane v. Maryhaven Center of Hope*, 944 F.Supp. at 163 (citations omitted).

■ The plaintiff's complaint fails to allege a claim for individual liability against Egly or Illig under the alter ego doctrine. Other than stating their respective positions in the corporation, the plaintiff does not assert that the individual defendants exercised any dominion or control over the Midwest Office or that there was a lack of respect for Midwest Office's separate corporate identity. Nor are there any facts alleged to sustain such inferences. Instead, the plaintiff's complaint identifies only Midwest Office and Metro–Plex Information Systems as the entities

meeting the definition of employer for purposes of Title VII and the ADA.

Dismissals under Rule 12(b)(6) typically occur only after the plaintiff is afforded notice and an opportunity to amend the complaint to cure the defective allegations. *Hall v. Bellmon*, 935 F.2d at 1109–10. The court, however, "may dismiss sua sponte 'when it is patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Id.* (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)). Not knowing for certain whether the plaintiff can cure these pleading deficiencies, the court will give the plaintiff leave to file an amended complaint as to the alter ego liability of Egly and Illig under Title VII, KAAD, and ADA within forty-five days of this order. *See Duffee by and Through Thornton v. Murray Ohio Mfg.*, 866 F.Supp. 1321, 1323 (D.Kan.1994), *aff'd*, 91 F.3d 1410 (10th Cir. 1996).

■ As for the plaintiff's state law breach of contract claim, the plaintiff does not allege privity between her and either of the individual defendants. Lack of privity bars breach of contract claims. *Owens–Corning Fiberglas v. Sonic Dev. Corp.*, 546 F.Supp. 533, 541 (D.Kan.1982). The contract attached to the plaintiff's complaint identifies the parties to it as the plaintiff and Metro–Plex Information System, a division of Midwest Office. The court is aware of the plaintiff's pending motion to amend her breach of contract claim so as to allege an oral employment contract with Illig. (Dk.92). The court grants the defendants' motion to dismiss the breach of contract claim but without prejudice to the plaintiff's motion to amend (Dk.92) pending before the magistrate judge. The court also gives the plaintiff leave to amend her breach of contract claim as to the defendant Egly within forty-five days of this order.

As for the plaintiff's state common-law tort claims of retaliatory discharge and infliction of emotional distress, the defendants do not persuade the court that the plaintiff would be unable to prove a set of facts entitling her to legal relief. The complaint appears to allege the defendants personally participated in the tortious acts, thus making them liable as agents. *See Kerns v. G.A.C., Inc.*, 255 Kan. 264, 274–75, 875 P.2d 949 (1994). The court

reserves the issue whether the individual defendants owed any legal duty to the plaintiff under the tort of retaliatory discharge as it has been recognized by the Kansas Supreme Court.[2] The court does find that the plaintiff's allegations concerning the tort of outrage sufficient under Rule 12(b)(6) standards.

IT IS THEREFORE ORDERED that David Egly's and Kenneth Illig's motion to dismiss (Dk.3) is granted as to the plaintiff's Title VII, KAAD, ADA, and breach of contract claims and is denied as to the plaintiff's other claims;

IT IS FURTHER ORDERED that the plaintiff is given leave to file an amended complaint on these claims curing the deficiencies noted above within forty-five days of this order;

IT IS FURTHER ORDERED that the plaintiff's motion for leave to amend response to the defendant's motion to dismiss (Dk.87), the plaintiff's motion to extend time to amend her response (Dk.89), the plaintiff's amended motion for leave to amend response to the defendant's motion to dismiss (Dk.90), and the plaintiff's third motion for leave to amend and extension of time to amend the plaintiff's response to this motion to dismiss (Dk.94) are denied.

2. Neither side has offered the court much in analysis or research on this novel issue.