Sara Pauline WHITE, Plaintiff,

v.

MIDWEST OFFICE TECHNOLOGY, INC., and its representatives, Metro–Plex Information Systems, a Division of Midwest Office Technology Inc., and its representatives; David Egly in his representative capacity and in his individual capacity; and Kenneth Illig in his representative capacity and in his individual capacity, Defendants.

No. CIV.A. 96–4116–DES.

United States District Court, D. Kansas.

Sept. 4, 1997.

Michael B. Myers, Myers & Myers, Topeka, KS, for Plaintiff.

Julia Riggle McKee, C. Brooks Wood, Cheryl Bloethe Linder, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, for Defendants.

### *MEMORANDUM AND ORDER*

SAFFELS, Senior District Judge.

This employment discrimination action comes before the court on the individual defendants' Motion to Dismiss (Doc. 2). For the reasons set forth below, the motion is granted in part and denied in part.

## I. INTRODUCTION

Plaintiff Sara Pauline White alleges the following counts in her complaint: Count V—sexual harassment and retaliation in violation of the Kansas Act Against Discrimination, Kan. Stat. Ann. § 44–1009 ("KAAD"), and Title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"); Count VI—employment discrimination on the basis of sex in violation of the KAAD and Title VII; Count VII—retaliation for filing discrimination complaints in violation of the KAAD and Title VII; Count VIII—state common-law tort of outrage; and Count IX—state common-law tort of retaliation for filing workers' compensation claim.

The individual defendants, David Egly ("Egly") and Kenneth Illig ("Illig"), argue the plaintiff's complaint fails to state a claim against them because they are not liable in either their individual or representative capacity under the pleaded causes of action. The plaintiff responds that Egly and Illig, as owner and president of the corporate defendant, "appear to be 'employers'" for purposes of the KAAD and Title VII. Plaintiff contends that Egly's and Illig's liability hinges on "further discovery of the actual business structure of Metro–Plex Information Systems and the individual liability, if any, imputed to Illig and Egly by the by-laws and/or other corporate documents."

## II. RULE 12(B)(6) MOTION TO DISMISS STANDARD

A court may not dismiss a cause of action for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the claimant can prove no set of facts supporting its claim which would entitle it to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). *See Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, Inc.*, 944 F.2d 752, 753 (10th Cir.1991) ("Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted).

In considering a Fed.R.Civ.P. 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the nonmovant. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir.1991); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983). "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster." *Gooley v. Mobil Oil* Corp., 851 F.2d 513 (1st Cir.1988) (quoting *Sutliff, Inc. v. Donovan Companies*, 727 F.2d 648, 654 (7th Cir.1984)). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir.1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

## III. DISCUSSION

It is established law in the Tenth Circuit that personal capacity suits against individual supervisors or managers are inappropriate under Title VII. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir.1996). "[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993)

(quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991)). Actions brought under the KAAD are subject to the same Title VII rule governing individual capacity actions against supervisors. *McCue v. State of Kan., Dept. of Human Resources*, 938 F.Supp. 718, 725–26 (D.Kan.1996); *Miller v. Brungardt*, 916 F.Supp. 1096, 1098 (D.Kan. 1996). Plaintiff concedes this is the controlling law here.

The law is similar regarding official or representative capacity actions. When an action is brought against an employer as well as one or more employees in their official or representative capacity, the claims against the employees merge with the claim against the employer. *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir.), cert. denied, —— U.S. ——, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995). *See Sauers*, 1 F.3d at 1125; *Busby*, 931 F.2d at 772. "An official capacity suit is functionally equivalent to a direct suit against the [employer], for it is the [employer] that is the real party in interest' and to which the plaintiff must look in recovering damages." *Gallardo v. Board of County Com'rs*, 1995 WL 106366, at *2 (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985)). Dismissal of the official capacity suit "promotes 'judicial economy and efficiency,' prevents the possibility of juror confusion over official capacity actions, and streamlines the pleadings." *Gallardo*, 1995 WL 106366, at *2 (internal citations omitted) *See Cooke–Seals v. District of Columbia*, 973 F.Supp. 184, 187–88 (D.D.C.1997).

To avoid dismissal, plaintiff contends that Egly and Illig may still be individually liable if they can be considered "employers" by virtue of their relationship to and role in the actual business structure of the corporate defendant. Plaintiff notes that Egly and Illig are the owner and president of Midwest Office Technology, Inc. ("Midwest Office") and refers the court to the definition of "employer" under Title VII. Other than these assertions and a request for additional discovery, however, plaintiff advances no potential factual or legal basis for treating the individual defendants as "employers" under Title VII or the KAAD. Nonetheless, the court construes plaintiff's cursory argument as an attempt to pierce the corporate veil and hold the individual defendants liable as the "alter egos" of Midwest Office.

■ Under the limited liability doctrine, a corporate entity is liable for the acts of its owners and operators only under extraordinary circumstances. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357 (10th Cir.1993); *Cascade Energy and Metals Corp. v. Banks*, 896 F.2d 1557, 1576 (10th Cir.1990). This is commonly referred to as piercing the corporate veil. In *Frank*, the Tenth Circuit recognized four tests that may be applied in deciding whether to disregard the corporate form. *Id.* One of these tests, based on the "alter ego" theory, "is founded in equity and permits the court to pierce the corporate veil 'when the court must prevent fraud, illegality or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability from a crime.'" *Id.* (quoting *Zubik v. Zubik*, 384 F.2d 267, 272 (3d Cir.1967)).

Judge John Thomas Marten recently considered the alter ego test in a Title VII case brought against an individual defendant:

> [T]he the federal common law doctrine of piercing the corporate veil under an alter ego theory can best be described by the following two-part test: (1) was there such a unity of interest and lack of respect given to the separate identity of the corporation by its shareholders that the personalities and assets of the corporation and the individual are indistinct, and (2) would adherence to the corporate fiction sanction a fraud, promote injustice, or lead to an evasion of legal obligations? *N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1052 (10th Cir.1993)....

*Roberts v. Air Capitol Plating, Inc.*, 1997 WL 446266, at *8–*9 (D.Kan.1997). *See Lane v. Maryhaven Center of Hope*, 944 F.Supp. 158 (E.D.N.Y.1996) (to establish claim for individual liability under the alter ego theory, plaintiff must plead that the person exercises such dominion and control that the corporation had no separate will of its own and that the domination and control was used to commit a fraud or wrong against the plaintiff).

Plaintiff's complaint fails to state a claim for individual liability against Egly and Illig

under the alter ego theory. Plaintiff merely points out the individual defendants' respective positions in the defendant corporation. She does not assert that the individual defendants exercised dominion and control over Midwest Office or demonstrated any disregard of legal formalities or Midwest Office's separate corporate identity. Nor does plaintiff allege any facts from which such conditions might be inferred. Instead, her allegations point only to Midwest Office as the entity meeting the definition of employer under Title VII and the KAAD.

Generally, dismissals under to Fed. R.Civ.P. 12(b)(6) follow a motion to dismiss, affording the plaintiff notice and the opportunity to amend his or her complaint. *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991). The court may, however, dismiss a case *sua sponte* "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)). In the present case, the court cannot determine for certain whether plaintiff can cure the pleading deficiencies. Accordingly, plaintiff is granted leave to file an amended complaint as to the individual defendants' alter ego liability under Title VII and the KAAD within forty-five days of this order. *See Duffee By and Through Thornton v. Murray Ohio Mfg. Co.*, 866 F.Supp. 1321 (D.Kan.1994).

■ With regard to plaintiff's state common-law tort claims of retaliatory discharge and outrage, the court is not persuaded beyond doubt that plaintiff can prove no set of facts supporting her claim which would entitle her to relief. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989). The complaint appears to allege that Egly and Illig personally participated in the alleged tortious conduct, therefore making them liable as agents. *See Kerns v. G.A.C., Inc.*, 255 Kan. 264, 875 P.2d 949 (1994). The court reserves ruling on the issue whether the individual defendants owed any legal duty to plaintiff under the tort of retaliatory discharge as it has been recognized by the Kansas Supreme Court. The court does find plaintiff's allegations concerning the tort of outrage sufficient to survive defendants' Fed. R.Civ.P. 12(b)(6) motion to dismiss.

**IT IS THEREFORE BY THE COURT ORDERED** that the individual defendants' Motion to Dismiss (Doc. 2) is granted as to plaintiff's Title VII and KAAD claims and denied as to plaintiff's state common-law tort claims of retaliatory discharge and outrage.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint to cure the deficiencies noted above within forty-five days of this order.